CAUTIÑO ET AL., DEMANDANTES y APELANTES, v. MUÑOZ ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Guayama.

Moción para desestimar la apelación.

No. 1038.—Resuelto en octubre 17, 1913.

APELACIÓN—TRANSCRIPCIÓN DE AUTOS—PRÓRROGA PARA PRESENTARLA.—La facultad para prorrogar el término para presentar en esta corte la transcripción de autos de una apelación radica en este tribunal, y las cortes de distrito carecen de jurisdicción para ello.

ID.—EXPOSICIÓN DEL CASO—PRÓRROGA PREMATURA.—Una prórroga para preparar la exposición del caso o pliego de excepciones pedida antes de interpuesta la apelación es prematura y la orden concediéndola carece de eficacia legal alguna.

ID.—CONCLUSIONES DE HECHO—COSTAS—ORDENES INCIDENTALES POSTERIORES A LA SENTENCIA.—De acuerdo con los preceptos del artículo 227 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de marzo 9, 1911, un juez de distrito no está obligado a presentar conclusiones de hecho en apoyo de una orden aprobando un *memorandum* de costas, quedando a su discreción el presentarlas o no cuando se trata de órdenes incidentales posteriores, ya se refieran a costas, honorarios de abogados, ejecución de sentencias u otras por el estilo dictadas después de la sentencia.

DESESTIMACIÓN DE LA APELACIÓN—COSTAS.—Habiendo sido dictada la orden apelada en junio 28, 1913, sin que hasta la fecha la parte apelante haya perfeccionado su apelación, procede la desestimación de la apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *Herminio Díaz Navarro.*

Abogados de los apelados: Sres. *José C. Ramos* y *José Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La moción presentada en este caso es para que se desestime una apelación. La apelación fué interpuesta el día 8 de julio de 1913 contra la orden de la Corte de Distrito de Guayama, dictada después de la sentencia fijando las costas, desembolsos y honorarios en el caso arriba expresado. El día en que se firmó la orden, o sea el 28 de junio de 1913, y por consiguiente con anterioridad a la interposición de dicha apelación, los apelantes en este caso presentaron en la refe-

rida corte una moción solicitando que se les concediera una prórroga de 30 días para presentar la transcripción (*sic*) del caso a los efectos de la apelación, cuyo plazo empezará a contarse desde la fecha en que formulara el juez de distrito sus conclusiones de hecho a que se refiere su expresada orden de 28 de junio. La referida moción fué concedida de acuerdo con lo en ella solicitado.

Esta es la única prórroga que ha habido en los procedimientos con respecto al particular, según aparece de los archivos de la corte de distrito y lo acredita la certificación expedida por el secretario. Técnicamente los apelados tienen razón en la alegación que han hecho de que a los apelantes no les fué concedida ninguna prórroga para presentar un pliego de excepciones o exposición del caso ya que la prórroga pedida fué para presentar la transcripción. La Corte de Distrito de Guayama no tiene facultad para prorrogar el término dentro del cual deberá presentarse la transcripción de autos. La facultad para prorrogar el término dentro del cual ha de presentarse la transcripción de autos de una apelación corresponde a este tribunal y no a ninguna corte de distrito. Por tanto, la orden de la corte prorrogando el término para la presentación de la transcripción, interpretada técnicamente carecía de autoridad legal.

Aun en el caso de que se considerara que la orden prorrogando el término se refería solamente al pliego de exposición del caso, como sostienen los apelantes, dicha orden fué dictada prematuramente. No había ninguna apelación pendiente al día 28 de junio de 1913. La moción solicitando prórroga se refiere únicamente a la prórroga a los efectos de la apelación. En varios casos hemos resuelto que la interposición de una apelación antes de que se dicte la sentencia no surte efecto alguno y de igual manera no lo surtiría una orden prorrogando el término para presentar un pliego o exposición cuando no hay pendiente una apelación o moción solicitando nuevo juicio a que haga referencia dicho pliego o exposición.

El abogado de los apelantes sostuvo, sin embargo, que de acuerdo con el artículo 227 del Código de Enjuiciamiento Civil según ha sido enmendado, el término dentro cual debe presentarse el pliego de excepciones o exposición solamente empieza a correr a partir de la fecha en que se archiven las conclusiones de hecho. Numerosas han sido las apelaciones interpuestas contra órdenes semejantes en las que no se ha hecho tal alegación. El artículo 227 según ha quedado enmendado por la ley de marzo 9, 1911, es como sigue:

"Art. 227.—En el juicio definitivo de cualquier caso en una corte de distrito, el juez de la misma hará y archivará una relación breve del caso, exponiendo los hechos según éstos resulten ante él y dando las razones en que funde su decisión."

No se hace necesario resolver en esta opinión si la relación a que la ley se refiere es o nó parte integrante de la sentencia, toda vez que un hecho aparece claramente y éste es que el artículo 227, según ha sido enmendado, es solamente aplicable a las decisiones en juicios definitivos y no a las órdenes subsiguientes de carácter incidental que pueda dictar una corte, ya sean éstas impugnadas o no, o se refieran a costas, honorarios, ejecuciones u otras órdenes de carácter incidental dictadas después de la sentencia. Es una cuestión que queda a discreción de la corte el formular o nó conclusiones en relación con tales órdenes. La interpretación que damos a este artículo resulta aún más evidente si se tiene en cuenta el hecho de que el artículo 227 del Código de Enjuiciamiento Civil está comprendido en el Capítulo VII de dicho código, el cual se refiere al modo de dar y registrar las sentencias. Los capítulos subsiguientes hacen referencia a los procedimientos posteriores a la sentencia.

La orden fué dictada en 28 de junio, 1913, y desde entonces hasta ahora no aparece que los apelantes hayan hecho ninguna gestión para perfeccionar o proseguir la apelación. Los apelantes confiaron enteramente al parecer en las conclusiones de hecho que había de archivar el juez, pero la moción

sobre desestimación fué notificada a los apelantes allá para el 10 de septiembre, 1913, habiendo tenido dichos apelantes tiempo suficiente para activar la apelación sin que hubieran hecho nada. En un caso sobre memorándum de costas, que es una cuestión que descansa principalmente en la discreción de la corte sentenciadora, procederíamos con cautela para revocar y no vemos además por qué tenían los referidos apelantes que confiar o esperar a que se presentaran las conclusiones de hecho o por qué era necesario un gran período de tiempo para la preparación de los datos relativos a dicha apelación.

Debe desestimarse la apelación.

*Con lugar la moción y desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.